LAFAYETTE & KUMAGAI LLP
GARY T. LAFAYETTE (SBN 88666)
Email: glafayette@lkclaw.com
G. MARTIN VELEZ (SBN 168315)
Email: mvelez@lkclaw.com
1300 Clay Street, Suite 810
Oakland, California 94612
Telephone: (415) 357-4600
Facsimile: (415) 357-4605

Attorneys for Defendant
TORRANCE REFINING COMPANY LLC

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
TEL: (415) 357-4600
FAX: (415) 357-4605

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

JACQUELINE WHITE, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

TORRANCE REFINING COMPANY LLC; and DOES 1 through 20, inclusive,

Defendants.

Case No.

**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT UNDER 28 U.S.C. § 1441(B) (DIVERSITY)**

(Los Angeles County Superior Court Case No. 23STCV02967)

Action Filed: February 10, 2023

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
TEL: (415) 357-4600
FAX: (415) 357-4605

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1141(a) and 1446, Defendant TORRANCE REFINING COMPANY LLC ("TORC") hereby removes to this Court the state court action pending in the Superior Court of the State of California, County of Los Angeles, entitled *Jacqueline White, individually and on behalf of all others similarly situated, Plaintiffs, v. Torrance Refining Company LLC; and Does 1 through 20, inclusive, Defendants*, Los Angeles Superior Court Case Number 23STCV02967 (the "Action").

**PROCEDURAL BACKGROUND AND GROUNDS FOR REMOVAL**

1. Jacqueline White ("Plaintiff") commenced the Action in the Superior Court of the State of California, County of Los Angeles, on or about February 10, 2023 by filing a Class Action Complaint (the "Complaint"). Plaintiff's Complaint states causes of action for (1) failure to pay minimum wages, (2) failure to pay overtime wages, (3) failure to provide meal periods, (4) failure to permit rest breaks, (5) failure to provide accurate itemized wage statements, (6) failure to pay wages timely during employment, (7) failure to pay all wages due upon separation of employment, and (8) violation of Business and Professions code.

2. As shown herein, the Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446.

**TIMELINESS OF REMOVAL**

3. TORC was served with the Summons and the Complaint in the Action on March 28, 2023. A true and correct copy of the Summons is attached hereto as Exhibit A. A true and correct copy of the Complaint is attached hereto as Exhibit B. A true and correct copy of the CT Corporation Service of Process Notification is attached hereto as Exhibit C. A true and correct copy of all other documents served on TORC with the Summons and Complaint is attached hereto as Exhibit D.

4. On April 27, 2023, TORC answered the Complaint. A true and correct of the Answer is attached hereto as Exhibit E.

5. This Notice of Removal has been filed within thirty (30) days after TORC was served with Summons and Complaint, and it is therefore timely under 28 U.S.C. § 1446(b)(1).

**ORIGINAL JURISDICTION**

**UNDER THE GENERAL DIVERSITY STATUTE - 28 U.S.C. § 1332(a)**

6. A defendant may remove an action to federal court when the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizen of different States.

7. Plaintiff is a citizen of the State of California. Plaintiff works for TORC in Torrance, California, and has lived in California throughout her employment with TORC. See Decl. of Miranda Smith in Support of Notice of Removal of Civil Action to Federal Court, ¶¶ 4, 5; Complaint, ¶ 10.

8. TORC is a limited liability company organized and existing under the laws of the State of Delaware. Its principal place of business is at 1 Sylvan Way, 2nd Floor, Parsippany, New Jersey. TORC is a subsidiary of PBF Energy Western Region LLC, a Delaware limited liability company having its principal place of business at 1 Sylvan Way, 2nd Floor, Parsippany, New Jersey. PBF Energy Western Region LLC is a subsidiary of PBF Holding Company LLC, a Delaware limited liability company having its principal place of business at 1 Sylvan Way, 2nd Floor, Parsippany, New Jersey. PBF Holding Company LLC is a subsidiary of PBF Energy Company LLC, a Delaware limited liability company having its principal place of business at 1 Sylvan Way, 2nd Floor, Parsippany, New Jersey. PBF Energy Company LLC is a subsidiary of PBF Energy Inc., a Delaware corporation having its principal place of business at 1 Sylvan Way, 2nd Floor, Parsippany, New Jersey. See Decl. of Darren W. Stroud in Support of Notice of Removal of Civil Action to Federal Court, ¶ 2.

9. Complete diversity of citizenship existed between Plaintiff and Defendant TORC at the time Plaintiff filed her complaint and at the time of this

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
TEL: (415) 357-4600
FAX: (415) 357-4605

removal.

10. The amount in controversy on Plaintiff's personal claims exceeds $75,000. See *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014) ("a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold").

11. Plaintiff works for TORC as a full-time executive administrative assistant starting March 9, 2020 and is currently out on a leave of absence. See Decl. of Miranda Smith, ¶ 5. Plaintiff's hourly wages and number of scheduled shifts from March 9, 2020 through August 12, 2022 before going out on leave are as follows:

| | Beginning 03/09/20 | Effective 07/01/21 | Effective 07/01/22 | Total |
|---|---|---|---|---|
| Rate | $39.42 | $41.00 | $43.05 | N/A |
| Number of Shifts | 340 | 260 | 30 | 630 |
| Total | $13,402.80 | $10,660.00 | $1,291.50 | $25,354.30 |

See Decl. of Miranda Smith, ¶ 6. Accordingly, the amount in controversy on Plaintiff's personal meal period violation claim is $25,354.30 and the amount in controversy on Plaintiff's personal rest period violation claim is $25,354.30.

12. The amount in controversy on Plaintiff's personal claim for penalties for alleged wage statement violations under Labor Code section 226, subdivision (e), is $4,000.00.

13. The amount in controversy on Plaintiff's personal claim for waiting time penalties under Labor Code section 203, is $10,332.00, calculated as follows: $43.05 x 8 hours x 30 days = $10,332.00.

14. The amount in controversy for Plaintiff's personal claims for meal period violations, rest period violations, wage statement violations, and waiting time penalties total $63,030.60.

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
TEL: (415) 357-4600
FAX: (415) 357-4605

15. Additionally, Plaintiff has personal claims for failure to pay minimum wages, failure to pay overtime wages, failure to pay wages timely, and unfair competition.

16. Additionally, Plaintiff seeks recovery of statutory attorneys' fees on those claims. In light of the number of claims at issue, the venue, and the sophistication and experience of Plaintiff's counsel's reasonable attorneys' fees, if recoverable, exceeds $12,000, which makes the amount in controversy in excess of $75,000.

17. Because diversity of citizenship exists and the amount in controversy exceeds $75,000, this case satisfies the complete diversity jurisdictional prerequisite. 28 U.S.C. § 1332(a).

**VENUE AND INTRADISTRICT ASSIGNMENT**

18. Venue of this action lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1446(a) because the State court from which the Action is removed is located in this District.

19. Assignment to the Western District is appropriate, as the Action was filed in, and the events or omissions which give rise to the Action, allegedly occurred in the County of Los Angeles, California. Complaint, ¶ 9.

**SERVICE OF NOTICE OF REMOVAL**

20. In accordance with 28 U.S.C. § 1446, the undersigned counsel certifies that a copy of this Notice of Removal and all supporting pleadings will be promptly served on Plaintiff's counsel and filed with the Clerk of the Superior Court of the State of California, County of Los Angeles. Therefore, all procedural requirements under 28 U.S.C. § 1446 will be satisfied.

\\\

\\\

\\\

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
TEL: (415) 357-4600
FAX: (415) 357-4605

WHEREFORE, TORC removes the Action, now pending in the Superior Court of the State of California, County of Los Angeles, to this Court.

Dated: April 27, 2023

**LAFAYETTE & KUMAGAI LLP**

*/s/ Gary T. Lafayette*
Gary T. Lafayette
G. Martin Velez
Attorneys for Defendant
Torrance Refining Company LLC

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
TEL: (415) 357-4600
FAX: (415) 357-4605

6
NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT UNDER 28 U.S.C. § 1441(B) (DIVERSITY)

# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 02/10/2023 08:58 AM David W. Slayton, Executive Officer/Clerk of Court, by G. Carini, Deputy Clerk
23STCV02967

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***

TORRANCE REFINING COMPANY LLC; and DOES 1 through 20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

JACQUELINE WHITE, individually and on behalf of all others similarly situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (*www.sucorte.ca.gov*), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (*www.lawhelpcalifornia.org*), en el Centro de Ayuda de las Cortes de California, (*www.sucorte.ca.gov*) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

CASE NUMBER: *(Número del Caso):* 23STCV02967

Superior Court of the State of California, Los Angeles County
111 N. Hill Street, Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jessica L. Campbell, AEGIS LAW FIRM, PC, 9811 Irvine Center Dr., #100, Irvine, CA 92618, 949.379.6250

DATE: 02/10/2023 *(Fecha)*
David W. Slayton, Executive Officer/Clerk of Court
Clerk, by *(Secretario)* G. Carini, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Torrance Refining Company LLC;

under:
- ☐ CCP 416.10 (corporation)
- ☐ CCP 416.20 (defunct corporation)
- ☐ CCP 416.40 (association or partnership)
- ☐ CCP 416.60 (minor)
- ☐ CCP 416.70 (conservatee)
- ☐ CCP 416.90 (authorized person)
- ☒ other *(specify):* Limited Liability Company

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

# EXHIBIT B

23STCV02967

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Maren Nelson

Electronically FILED by Superior Court of California, County of Los Angeles on 02/10/2023 08:58 AM David W. Slayton, Executive Officer/Clerk of Court, by G. Carini,Deputy Clerk

**AEGIS LAW FIRM, PC**
SAMUEL A. WONG, State Bar No. 217104
KASHIF HAQUE, State Bar No. 218672
JESSICA L. CAMPBELL, State Bar No. 280626
9811 Irvine Center Drive, Suite 100
Irvine, California 92618
Telephone: (949) 379-6250
Facsimile: (949) 379-6251
Email: jcampbell@aegislawfirm.com

Attorneys for Plaintiff Jacqueline White, individually, and on behalf of all others similarly situated.

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

JACQUELINE WHITE, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

TORRANCE REFINING COMPANY LLC; and DOES 1 through 20, inclusive,

Defendants.

Case No. 23STCV02967

**CLASS ACTION COMPLAINT FOR:**

1. Failure to Pay Minimum Wages;
2. Failure to Pay Overtime Wages;
3. Failure to Provide Meal Periods;
4. Failure to Permit Rest Breaks;
5. Failure to Provide Accurate Itemized Wage Statements;
6. Failure to Pay Wages Timely During Employment;
7. Failure to Pay All Wages Due Upon Separation of Employment; and
8. Violation of Business and Professions Code §§ 17200, *et seq*.

**DEMAND FOR JURY TRIAL**

Plaintiff Jacqueline White, individually and on behalf of others similarly situated, alleges as follows:

**NATURE OF ACTION AND INTRODUCTORY STATEMENT**

1. Plaintiff Jacqueline White ("Plaintiff") brings this putative class action against defendants Torrance Refining Company LLC; and DOES 1 through 20, inclusive (collectively, "Defendants"), on Plaintiff's own behalf and on behalf of a putative class of California citizens who are and were employed by Defendants as non-exempt employees throughout California.

2. Defendants provide services or goods throughout California.

3. Through this action, Plaintiff alleges that Defendants engaged in a systematic pattern of wage and hour violations under the California Labor Code and Industrial Welfare Commission ("IWC") Wage Orders, all of which contribute to Defendants' deliberate unfair competition.

4. Plaintiff is informed and believe, and thereon alleges, that Defendants have increased their profits by violating state wage and hour laws by, among other things:

(a) failing to pay all wages (including minimum wages and overtime wages);

(b) failing to provide lawful meal periods or compensation in lieu thereof;

(c) failing to authorize or permit lawful rest breaks or provide compensation in lieu thereof;

(d) failing to provide accurate itemized wage statements;

(e) failing to pay wages timely during employment; and

(f) failing to pay all wages due upon separation of employment.

5. Plaintiff seeks monetary relief against Defendants on behalf of Plaintiff and all others similarly situated in California to recover, among other things, unpaid wages, interest, attorneys' fees, costs and expenses, and penalties pursuant to Labor Code §§ 201, 202, 203, 204, 210, 226, 226.7, 510, 512, 1182.12, 1194, 1194.2, 1197, 1198, and Code of California Civil Procedure § 1021.5.

///

///

**JURISDICTION AND VENUE**

6. This is a class action pursuant to California Code of Civil Procedure § 382. The monetary damages and restitution sought by Plaintiff exceed the minimal jurisdictional limits of the Superior Court and will be established according to proof at trial.

7. This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, § 10, which grants the Superior Court original jurisdiction in all causes except those given by statutes to other courts. The statutes under which this action is brought do not specify any other basis for jurisdiction.

8. This Court has jurisdiction over all Defendants because, upon information and belief, they are citizens of California, have sufficient minimum contacts in California, or otherwise intentionally avail themselves of the California market so as to render the exercise of jurisdiction over them by the California courts consistent with traditional notions of fair play and substantial justice.

9. Venue is proper in this Court because, upon information and belief, Defendants reside, transact business, or have offices in this county, and the acts and omissions alleged herein took place in this county.

**THE PARTIES**

10. Plaintiff is a resident of California and worked for Defendants during the relevant time periods as alleged herein.

11. Plaintiff is informed and believes, and thereon alleges that at all times hereinafter mentioned, Defendants were and are subject to the Labor Code and IWC Wage Orders as employers, whose employees were and are engaged throughout this county and the State of California.

12. Plaintiff is unaware of the true names or capacities of the defendants sued herein under the fictitious names DOES 1 through 20, but will seek leave of this Court to amend this Complaint and serve such fictitiously named defendants once their names and capacities become known.

13. Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 20 are or were the partners, agents, owners, shareholders, managers, or employees of Defendants at all relevant times.

14. Plaintiff is informed and believes, and thereon alleges, that each defendant acted in all respects pertinent to this action as the agent of the other defendant, carried out a joint scheme, business plan, or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendant. Furthermore, defendants in all respects acted as the employer and/or joint employer of Plaintiff and the class members.

15. Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or are attributable to, Defendants and/or DOES 1 through 20, acting as the agent or alter ego for the other, with legal authority to act on the other's behalf. The acts of any and all Defendants were in accordance with, and represent, the official policy of Defendants.

16. At all relevant times, Defendants, and each of them, acted within the scope of such agency or employment, or ratified each and every act or omission complained of herein. At all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

17. Plaintiff is informed and believes, and thereon alleges, that each of said Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

## CLASS ACTION ALLEGATIONS

18. Plaintiff brings this action under Code of Civil Procedure § 382 on Plaintiff's own behalf and on behalf of all others similarly situated who were affected by Defendants' Labor Code, Business and Professions Code §§ 17200, and IWC Wage Order violations.

19. All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law.

20. Plaintiff's proposed class consists of and is defined as follows:

<u>Class</u>

All California citizens currently or formerly employed by Defendants as non-exempt employees in the State of California at any time between February 10, 2019 and the date of class certification ("Class").[1]

21. Plaintiff also seeks to certify the following subclasses of employees:

<u>Waiting Time Subclass</u>

All members of the Class who separated their employment with Defendant at any time between February 10, 2020 and the date of class certification ("Waiting Time Subclass").

22. Plaintiff reserves the right to modify or re-define the Class, establish additional subclasses, or modify or re-define any class or subclass definition as appropriate based on investigation, discovery, and specific theories of liability.

23. Members of the Class and the Waiting Time Subclass described above will be collectively referred to as "Class Members."

24. There are common questions of law and fact as to the Class Members that predominate over any questions affecting only individual members including, but not limited to, the following:

(a) Whether Defendants failed to pay Plaintiff and Class Members all wages (including minimum wages and overtime wages) for all hours worked by Plaintiff and Class Members.

(b) Whether Defendants required Plaintiff and Class Members to work over eight (8) hours per day, over twelve (12) hours per day, and/or over forty (40) hours per week and failed to pay them proper overtime compensation for all overtime hours worked.

---

[1] The class claims exclude the claims released by Operators employed prior to May 12, 2020 through Case No. 2:18-cv-09224-MWF-SS in the Central District of California. Plaintiff presently plans to seek certification of rest break and wage statement subclasses which exclude Operators employed prior to May 12, 2020.

 (c) Whether Defendants deprived Plaintiff and Class Members of timely meal periods or required Plaintiff and Class Members to work through meal periods without legal compensation.

(d) Whether Defendants deprived Plaintiff and Class Members of rest breaks or required Plaintiff and Class Members to work through rest breaks.

(e) Whether Defendants failed to provide Plaintiff and Class Members accurate itemized wage statements.

(f) Whether Defendants failed to pay wages timely to Plaintiff and Class Members;

(g) Whether Defendants failed to timely pay the Waiting Time Subclass all wages due upon termination or within seventy-two (72) hours of resignation.

(h) Whether Defendants' conduct was willful or reckless.

(i) Whether Defendants engaged in unfair business practices in violation of Business and Professions Code §§ 17200, *et seq.*

25. There is a well-defined community of interest in this litigation and the proposed Class and subclasses are readily ascertainable:

(a) Numerosity: The Class Members are so numerous that joinder of all members is impractical. Although the members of the Class are unknown to Plaintiff at this time, on information and belief, the Class is estimated to be greater than fifty (50) individuals. The identities of the Class Members are readily ascertainable by inspection of Defendants' employment and payroll records.

(b) Typicality: Plaintiff's claims (or defenses, if any) are typical of the claims (or defenses, if any) of the Class Members because Defendants' failure to comply with the provisions of California's wage and hour laws entitled each Class Member to similar pay, benefits, and other relief. The injuries sustained by Plaintiff are also typical of the injuries sustained by the Class Members, because they arise out of and are caused by Defendants' common course of conduct as alleged herein.

(c) Adequacy: Plaintiff will fairly and adequately represent and protect the interests of all Class Members because it is in Plaintiff's best interest to prosecute the claims alleged herein to obtain full compensation and penalties due. Plaintiff's attorneys, as proposed class counsel, are competent and experienced in litigating large employment class actions and versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred and, throughout the duration of this action, will continue to incur attorneys' fees and costs that have been and will be necessarily expended for the prosecution of this action for the substantial benefit of the Class Members.

(d) Superiority: The nature of this action makes use of class action adjudication superior to other methods. A class action will achieve economies of time, effort, and expense as compared with separate lawsuits and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner for the entire Class and Waiting Time Subclass at the same time. If appropriate, this Court can, and is empowered to, fashion methods to efficiently manage this case as a class action.

(e) Public Policy Considerations: Employers in the State of California violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means. Class actions provide class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights while affording them privacy protections.

**GENERAL ALLEGATIONS**

26. At all relevant times mentioned herein, Defendants employed Plaintiff and other California residents as non-exempt employees throughout California at Defendants' California business location(s).

27. Defendants continue to employ non-exempt employees within California.

28. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants were advised by skilled lawyers, employees, and other professionals who

were knowledgeable about California's wage and hour laws, employment and personnel practices, and the requirements of California law.

29. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and Class Members were entitled to receive wages for all time worked (including minimum wages and overtime wages) and that they were not receiving all wages earned for work that was required to be performed. In violation of the Labor Code and IWC Wage Orders, Plaintiff and Class Members were not paid all wages (including minimum wages and overtime wages) for all hours worked at the correct rate and within the correct time.

30. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and Class Members were entitled to receive all required meal periods or payment of one (1) additional hour of pay at Plaintiff's and Class Members' regular rate of pay when they did not receive a timely, uninterrupted meal period. In violation of the Labor Code and IWC Wage Orders, Plaintiff and Class Members did not receive all meal periods or payment of one (1) additional hour of pay at Plaintiff's and Class Members' regular rate of pay when they did not receive a timely, uninterrupted meal period.

31. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and Class Members were entitled to receive all rest breaks or payment of one (1) additional hour of pay at Plaintiff's and Class Members' regular rate of pay when a rest break was late, missed, or interrupted. In violation of the Labor Code and IWC Wage Orders, Plaintiff and Class Members did not receive all rest breaks or payment of one (1) additional hour of pay at Plaintiff's and Class Members' regular rate of pay when a rest break was missed, late, or interrupted.

32. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and Class Members were entitled to receive itemized wage statements that accurately showed the following information pursuant to the Labor Code: (1) gross wages earned; (2) total hours worked by the employee; (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis; (4) all deductions, provided that all deductions made on written orders of the employee may be

aggregated and shown as one item; (5) net wages earned; (6) the inclusive dates of the period for which the employee is paid; (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number; (8) the name and address of the legal entity that is the employer; and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. In violation of the Labor Code, Plaintiff and Class Members were not provided with accurate itemized wage statements.

33. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that the Waiting Time Subclass was entitled to timely payment of wages due upon separation of employment. In violation of the Labor Code, the Waiting Time Subclass did not receive payment of all wages within the permissible time periods.

34. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known they had a duty to compensate Plaintiff and Class Members, and Defendants had the financial ability to pay such compensation but willfully, knowingly, and intentionally failed to do so in order to increase Defendants' profits.

35. Therefore, Plaintiff brings this lawsuit seeking monetary and injunctive relief against Defendants on Plaintiff's own behalf and on behalf of all Class Members to recover, among other things, unpaid wages (including minimum wages and overtime wages), unpaid meal period premium payments, unpaid rest period premium payments, interest, attorneys' fees, penalties, costs, and expenses.

**FIRST CAUSE OF ACTION**

**FAILURE TO PAY MINIMUM WAGES**

(Violation of Labor Code §§ 1194, 1194.2, and 1197; Violation of IWC Wage Order §3-4)

36. Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

37. Labor Code §§ 1194 and 1197 provide that the minimum wage for employees fixed by the IWC is the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

38. Plaintiff and Class Members were employees entitled to the protections of Labor Code §§ 1194 and 1197.

39. During the relevant time period, Defendants failed to pay Plaintiff and Class Members all wages owed when Defendants did not pay minimum wage for all hours worked.

40. During the relevant time period, Defendants failed to pay at least minimum wage to Plaintiff and Class Members for all hours worked pursuant to Labor Code §§ 1194 and 1197.

41. Defendants' failure to pay Plaintiff and Class Members the required minimum wage violates Labor Code §§ 1194 and 1197. Pursuant to these sections, Plaintiff and Class Members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs, and attorneys' fees.

42. Pursuant to Labor Code § 1194.2, Plaintiff and Class Members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and the accrued interest thereon.

**SECOND CAUSE OF ACTION**

**FAILURE TO PAY OVERTIME**

(Violation of Labor Code §§ 510, 1194, and 1198; Violation of IWC Wage Order § 3)

43. Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

44. Labor Code § 1198 and the applicable IWC Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either one and one-half (1½) or two (2) times the person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

45. Specifically, the applicable IWC Wage Orders provide that Defendants are and were required to pay overtime compensation to Plaintiff and Class Members at the rate of one and one-half times (1½) their regular rate of pay when working and for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek and for the first eight (8) hours of work on the seventh day of work in a workweek.

46. The applicable IWC Wage Orders further provide that Defendants are and were required to pay overtime compensation to Plaintiff and Class Members at a rate of two times their regular rate of pay when working and for all hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours on the seventh day of work in a workweek.

47. California Labor Code § 510 codifies the right to overtime compensation at one and one-half (1½) times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week and for the first eight (8) hours worked on the seventh consecutive day of work, and overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work in a workweek.

48. Labor Code § 510 and the applicable IWC Wage Orders provide that employment of more than six days in a workweek is only permissible if the employer pays proper overtime compensation as set forth herein.

49. Plaintiff and Class Members were employees entitled to the protections of California Labor Code §§ 510 and 1194.

50. During the relevant time period, Defendants required Plaintiff and Class Members to work in excess of eight (8) hours in a day, forty (40) hours in a week, and/or on a seventh consecutive day of work, entitling them to overtime wages.

51. During the relevant time period, Defendants failed to pay Plaintiff and Class Members overtime wages for all overtime hours worked. To the extent these hours qualify for the payment of overtime wages, Plaintiff and Class Members were not paid proper overtime wages.

52. In violation of California law, Defendants knowingly and willfully refused to perform their obligations and compensate Plaintiff and Class Members for all wages earned and all hours worked.

53. Defendants' failure to pay Plaintiff and Class Members the unpaid balance of overtime compensation, as required by California law, violates the provisions of Labor Code §§ 510 and 1198, and is therefore unlawful.

54. Pursuant to Labor Code § 1194, Plaintiff and Class Members are entitled to recover their unpaid overtime and double time compensation as well as interest, costs, and attorneys' fees.

**THIRD CAUSE OF ACTION**

**FAILURE TO PROVIDE MEAL PERIODS**

(Violation of Labor Code §§ 226.7 and 512; Violation of IWC Wage Order § 11)

55. Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

56. Labor Code § 226.7 provides that no employer shall require an employee to work during any meal period mandated by the IWC Wage Orders.

57. Section 11 of the applicable IWC Wage Order states, "[n]o employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee."

58. Labor Code § 512(a) provides that an employer may not require, cause, or permit an employee to work for a period of more than five (5) hours per day without providing the employee with an uninterrupted meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee.

59. Labor Code § 512(a) also provides that an employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

60. During the relevant time period, Plaintiff and Class Members did not receive compliant meal periods for working more than five (5) and ten (10) hours per day because their

meal periods were missed, late, short, interrupted, and/or they were not permitted to take a second meal period.

61. Labor Code § 226.7(b) and section 11 of the applicable IWC Wage Order require an employer to pay an employee one (1) additional hour of pay at the employee's regular rate of compensation for each work day that a compliant meal period is not provided.

62. At all relevant times, Defendants failed to pay Plaintiff and Class Members meal period premiums for missed, late, and/or short meal periods pursuant to Labor Code § 226.7(b) and section 11 of the applicable IWC Wage Order.

63. As a result of Defendants' failure to pay Plaintiff and Class Members an additional hour of pay for each day a compliant meal period was not provided, Plaintiff and Class Members suffered and continue to suffer a loss of wages and compensation.

**FOURTH CAUSE OF ACTION**

**FAILURE TO PERMIT REST BREAKS**

(Violation of Labor Code §§ 226.7; Violation of IWC Wage Order § 12)

64. Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

65. Labor Code § 226.7(a) provides that no employer shall require an employee to work during any rest period mandated by the IWC Wage Orders.

66. Section 12 of the applicable IWC Wage Order states "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period[,]" and the "[a]uthorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof[,]" unless the total daily work time is less than three and one-half (3½) hours.

67. During the relevant time period, Plaintiff and Class Members did not receive a ten (10) minute rest period for every four (4) hours or major fraction thereof worked, including working in excess of ten (10) hours in a day, because they were required to work through their rest periods and/or were not authorized to take their rest periods.

68. Labor Code § 226.7(b) and section 12 of the applicable IWC Wage Order requires an employer to pay an employee one (1) additional hour of pay at the employee's regular rate of compensation for each work day that a compliant rest period is not provided.

69. At all relevant times, Defendants failed to pay Plaintiff and Class Members rest period premiums for missed, late, and/or interrupted rest periods pursuant to Labor Code § 226.7(b) and section 12 of the applicable IWC Wage Order.

70. As a result of Defendants' failure to pay Plaintiff and Class Members an additional hour of pay for each day a compliant rest period was not provided, Plaintiff and Class Members suffered and continue to suffer a loss of wages and compensation.

**FIFTH CAUSE OF ACTION**

**FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**

(Violation of Labor Code § 226; Violation of IWC Wage Order)

71. Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

72. Labor Code § 226(a) requires Defendants to provide each employee with an accurate wage statement in writing showing nine pieces of information, including, the following: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

73. During the relevant time period, Defendants have knowingly and intentionally failed to comply with Labor Code § 226(a) on wage statements that were provided to Plaintiff and Class Members. The deficiencies include, among other things, the failure to correctly state

the gross and net wages earned, total hours worked, all applicable hourly rates in effect, and the number of hours worked at each hourly rate by Plaintiff and Class Members.

74. As a result of Defendants' knowing and intentional failure to comply with Labor Code § 226(a), Plaintiff and Class Members have suffered injury and damage to their statutorily-protected rights. Specifically, Plaintiff and Class Members are deemed to suffer an injury pursuant to Labor Code § 226(e) where, as here, Defendants intentionally violated Labor Code § 226(a). Plaintiff and Class Members were denied both their legal right to receive, and their protected interest in receiving, accurate itemized wage statements under Labor Code § 226(a). In addition, because Defendants failed to provide the accurate rates of pay on wage statements, Defendants prevented Plaintiff and Class Members from determining if all hours worked were paid at the appropriate rate and the extent of the underpayment. Plaintiff had to file this lawsuit in order to analyze the extent of the underpayment, thereby causing Plaintiff to incur expenses and lost time. Plaintiff would not have had to engage in these efforts and incur these costs had Defendants provided the accurate hours worked, wages earned, and rates of pay. This has also delayed Plaintiff's ability to demand and recover the underpayment of wages from Defendants.

75. Plaintiff and Class Members are entitled to recover from Defendants the greater of all actual damages caused by Defendants' failure to comply with Labor Code § 226(a) or fifty dollars ($50.00) for the initial pay period in which a violation occurred and one hundred dollars ($100.00) per employee for each violation in subsequent pay periods in an amount not exceeding four thousand dollars ($4,000.00) per employee, plus attorneys' fees and costs.

76. Defendants' violations of California Labor Code § 226(a) prevented Plaintiff and Class Members from knowing, understanding, and disputing the wages paid to them and resulted in an unjustified economic enrichment to Defendants. As a result of Defendants' knowing and intentional failure to comply with California Labor Code § 226(a), Plaintiff and Class Members have suffered an injury, in the exact amount of damages and/or penalties to be shown according to proof at trial.

**SIXTH CAUSE OF ACTION**

**FAILURE TO PAY TIMELY DURING EMPLOYMENT**

(Violation of Labor Code §§ 204, 210)

77. Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

78. Pursuant to California Labor Code § 204, employees must be paid within a certain number of days of the close of the pay period.

79. During the relevant time period, Defendants failed to timely pay Plaintiffs and Class Members wages earned during the pay period.

80. Such a pattern, practice and uniform administration of corporate policy regarding timely payment of wages as described herein is unlawful and creates an entitlement to recovery by Plaintiff in a civil action, for the unpaid balance of the full amount of damages owed, including interest thereon, penalties, attorneys' fees, and costs of suit according to the mandate of California Labor Code § 210.

81. As a direct and proximate cause of these violations, Class Members have been damaged, in an amount to be determined at trial.

**SEVENTH CAUSE OF ACTION**

**FAILURE TO PAY ALL WAGES DUE UPON SEPARATION OF EMPLOYMENT**

(Violation of Labor Code §§ 201, 202, and 203)

82. Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

83. Labor Code §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of an intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

84. During the relevant time period, Defendants willfully failed to pay the Waiting Time Subclass all their earned wages upon termination, either at the time of discharge or within seventy-two (72) hours of their leaving Defendants' employ.

85. Defendants' failure to pay the Waiting Time Subclass all their earned wages at the time of discharge or within seventy-two (72) hours of their leaving Defendants' employ is in violation of Labor Code §§ 201 and 202.

86. Labor Code § 203 provides that if an employer willfully fails to pay wages owed immediately upon discharge or resignation in accordance with Labor Code §§ 201 and 202, then the wages of the employee shall continue as a penalty from the due date at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

87. Pursuant to Labor Code § 203, the Waiting Time Subclass is entitled to recover from Defendants the statutory penalty, which is defined as the Waiting Time Subclass members' regular daily wages at their regular hourly rate of pay for each day they were not paid, up to a maximum of thirty (30) days.

**EIGHTH CAUSE OF ACTION**

**VIOLATION OF BUSINESS AND PROFESSIONS CODE §§ 17200, *ET SEQ.***

(Violation of Business and Professions Code §§ 17200, *et seq.*)

88. Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

89. California Business and Professions Code §§ 17200, *et seq.*, prohibits acts of unfair competition, which includes any "unlawful, unfair or fraudulent business act or practice . . . ."

90. A violation of California Business and Professions Code §§ 17200, *et seq.*, may be predicated on a violation of any state or federal law. In the instant case, Defendants' policies and practices violated state law, causing Plaintiff and Class Members to suffer and continue to suffer injuries-in-fact.

91. Defendants' policies and practices violated state law in at least the following respects:

///

///

(a) Failing to pay all wages earned (including minimum wage and overtime wages) to Plaintiff and Class Members at the proper rate and in a timely manner in violation of Labor Code §§ 204, 510, 1194, 1194.2, 1197, 1198.

(b) Failing to provide compliant meal periods without paying Plaintiff and Class Members premium wages for every day said meal periods were not provided in violation of Labor Code §§ 226.7 and 512.

(c) Failing to authorize or permit compliant rest breaks without paying Plaintiff and Class Members premium wages for every day said rest breaks were not authorized or permitted in violation of Labor Code § 226.7.

(d) Failing to provide Plaintiff and Class Members with accurate itemized wage statements in violation of Labor Code § 226.

(e) Failing to timely pay all earned wages to the members of the Waiting Time Subclass upon separation of employment in violation of Labor Code §§ 201, 202, and 203.

92. As alleged herein, Defendants systematically engaged in unlawful conduct in violation of the California Labor Code and IWC Wage Orders, such as failing to pay all wages (minimum and overtime wages), failing to provide meal periods and rest breaks or compensation in lieu thereof, failing to furnish accurate wage statements, and failing to pay all wages due and owing upon separation of employment in a timely manner to the Waiting Time Subclass, all in order to decrease their costs of doing business and increase their profits.

93. At all relevant times herein, Defendants held themselves out to Plaintiff and Class Members as being knowledgeable concerning the labor and employment laws of California.

94. At all times relevant herein, Defendants intentionally avoided paying Plaintiff and Class Members wages and monies, thereby creating for Defendants an artificially lower cost of doing business in order to undercut their competitors and establish and/or gain a greater foothold in the marketplace.

95. By violating the foregoing statutes and regulations as herein alleged, Defendants' acts constitute unfair and unlawful business practices under California Business and Professions Code §§ 17200, *et seq*.

96. As a result of the unfair and unlawful business practices of Defendants as alleged herein, Plaintiff and Class Members are entitled to injunctive relief, disgorgement, and restitution in an amount to be shown according to proof at trial.

97. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of California Code of Civil Procedure § 1021.5. Defendants' conduct, as alleged herein, has been and continues to be unfair, unlawful, and harmful to Plaintiff, Class Members, and the general public. Based on Defendants' conduct as alleged herein, Plaintiff and Class Members are entitled to an award of attorneys' fees pursuant to California Code of Civil Procedure § 1021.5.

## PRAYER FOR RELIEF

On Plaintiff's own behalf and on behalf of all others similarly situated, Plaintiff prays for relief and judgment against Defendants, jointly and severally, as follows:

1. For certification under California Code of Civil Procedure § 382 of the proposed Class and any other appropriate subclass;

2. For appointment of Jacqueline White as class representative;

3. For appointment of Aegis Law Firm, PC, as class counsel for all purposes;

4. For compensatory damages in an amount according to proof at trial;

5. For an award of damages in the amount of unpaid compensation including, but not limited to, unpaid wages, benefits, and penalties;

6. For economic and/or special damages in an amount according to proof at trial;

7. For liquidated damages pursuant to Labor Code § 1194.2;

8. For statutory penalties to the extent permitted by law, including those pursuant to the Labor Code and IWC Wage Orders;

9. For injunctive relief as provided by the California Labor Code and California Business and Professions Code §§ 17200, *et seq.*;

10. For restitution as provided by Business and Professions Code §§ 17200, *et seq.*;

11. For an order requiring Defendants to restore and disgorge all funds to each employee acquired by means of any act or practice declared by this Court to be unlawful, unfair, or fraudulent and, therefore, constituting unfair competition under Business and Professions Code §§ 17200, *et seq.*;

12. For pre-judgment interest;

13. For reasonable attorneys' fees, costs of suit, and interest to the extent permitted by law, including, but not limited to, Code of Civil Procedure § 1021.5 and Labor Code §§ 226(e) and 1194; and

14. For such other relief as the Court deems just and proper.

Dated: February 10, 2023

**AEGIS LAW FIRM, PC**

By: ______________________
Jessica L. Campbell
Attorneys for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial with respect to all issues triable of right by jury.

Dated: February 10, 2023

**AEGIS LAW FIRM, PC**

By: ______________________
Jessica L. Campbell
Attorneys for Plaintiff

# EXHIBIT C

 **CT Corporation**
**Service of Process Notification**
03/28/2023
CT Log Number 543511329

## Service of Process Transmittal Summary

**TO:** Trecia Canty, Sr VP, General Counsel & Secy.
PBF HOLDING COMPANY LLC
1 Sylvan Way Ste 2
Parsippany, NJ 07054-3879

**RE:** **Process Served in California**

**FOR:** Torrance Refining Company LLC (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

**TITLE OF ACTION:** JACQUELINE WHITE, individually and on behalf of all others similarly situated vs. TORRANCE REFINING COMPANY LLC

**CASE #:** 23STCV02967

**PROCESS SERVED ON:** C T Corporation System, GLENDALE, CA

**DATE/METHOD OF SERVICE:** By Process Server on 03/28/2023 at 13:36

**JURISDICTION SERVED:** California

**ACTION ITEMS:** SOP Papers with Transmittal, via UPS Next Day Air

Image SOP

Email Notification, Trecia Canty trecia.canty@pbfenergy.com

Email Notification, Trecia Canty trecia.canty@pbfenergy.com

Email Notification, Kamilah Russell Kamilah.russell@pbfenergy.com

Email Notification, Elizabeth Mango elizabeth.mango@pbfenergy.com

**REGISTERED AGENT CONTACT:** C T Corporation System
330 N BRAND BLVD
STE 700
GLENDALE, CA 91203
866-401-8252
EastTeam2@wolterskluwer.com

**DOCKET HISTORY:**

| DOCUMENT(S) SERVED | DATE/METHOD OF SERVICE | TO | LOG NUMBER |
|---|---|---|---|
| -- | By Non-Traceable Mail on 02/15/2023 at 10:33 | Trecia Canty, Sr VP, General Counsel & Secy. PBF HOLDING COMPANY LLC | 543230982 |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                              Tue, Mar 28, 2023
**Server Name:**                       DROP SERVICE

| Entity Served | TORRANCE REFINING COMPANY LLC |
|---|---|
| Case Number | 23STCV02967 |
| Jurisdiction | CA |

| Inserts | | |
|---|---|---|
| | | |



# EXHIBIT D

COPY

AEGIS LAW FIRM, PC
SAMUEL A. WONG, State Bar No. 217104
KASHIF HAQUE, State Bar No. 218672
JESSICA L. CAMPBELL, State Bar No. 280626
9811 Irvine Center Drive, Suite 100
Irvine, California 92618
Telephone: (949) 379-6250
Facsimile: (949) 379-6251
Email: jcampbell@aegislawfirm.com

Attorneys for Plaintiff Jacqueline White, individually, and on behalf of all others similarly situated.

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

FEB 14 2023

David W. Slayton, Executive Officer/Clerk of Court

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

JACQUELINE WHITE, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

TORRANCE REFINING COMPANY LLC; and DOES 1 through 20, inclusive

Defendants.

Case No. 23STCV02967

*Assigned for All Purposes to:*
*Honorable Maren Nelson*
*Department 17*

**PLAINTIFF JACQUELINE WHITE,'S PEREMPTORY CHALLENGE TO JUDICIAL OFFICER PURSUANT TO CAL. CODE OF CIV. PROC. § 170.6; DECLARATION OF PREJUDICE**

TO THE COURT, ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Plaintiff Jacqueline White ("Plaintiff") hereby moves the Court to accept Plaintiff's peremptory challenge and declaration of prejudice pursuant to *Cal. Code Civ. Proc.* § 170.6, and assign this matter to another judge.

The declaration of attorney Jessica L. Campbell, filed concurrently herewith, has been filed in this matter as required by *Cal. Code Civ. Proc.* § 170.6.

This is the first and only such motion made by Plaintiff in this action.

Dated: February 10, 2023

**AEGIS LAW FIRM, PC**

By: ______________________
Jessica L. Campbell
Attorneys for Plaintiff Jacqueline White

**DECLARATION OF JESSICA L. CAMPBELL**

I, Jessica L. Campbell, declare:

1. I am an attorney at law duly licensed to practice in the state of California. I am a senior associate of Aegis Law Firm, PC, counsel of record for Plaintiff Jacqueline White. The matters stated herein are within my personal knowledge, and if sworn, I could and would testify competently hereto. This declaration is filed pursuant to *Cal. Code Civ. Proc.* § 170.6 and in support of Plaintiff's peremptory challenge to the Hon. Judge Maren Nelson.

2. The judicial officer named above, to whom the above-referenced action has been assigned, is prejudiced against the party (or its attorneys) or in the interest of the party (or its attorneys), so that Plaintiff cannot, or believes that he cannot, have a fair and impartial trial or hearing before the judicial officer.

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct.

Executed Friday, February 10, 2023, at Irvine, California.

Jessica L. Campbell

**CERTIFICATE OF SERVICE**

I, the undersigned, am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; am employed with Aegis Law Firm PC and my business address is 9811 Irvine Center Drive, Suite 100, Irvine, California 92618.

On February 10, 2023, I served the foregoing document(s) entitled:

- **PLAINTIFF JACQUELINE WHITE,'S PEREMPTORY CHALLENGE TO JUDICIAL OFFICER PURSUANT TO CAL. CODE OF CIV. PROC. § 170.6; DECLARATION OF PREJUDICE**

on all the appearing and/or interested parties in this action by delivering ☐ *the original* ☒ *a true copy* thereof on the party(ies) addressed below as follows:

Agent for Service of Process for Torrance Refining Company LLC:
CT Corporation System
330 N. Brand Blvd., Ste. 700
Glendale, CA 91203

*Attorneys for Defendants:*
TORRANCE REFINING COMPANY LLC

☒ **(BY MAIL)** I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit. (*Cal Code Civ. Proc.* § 1013(a); *Fed. R. Civ. Proc.* 5(a); *Fed. R. Civ. Proc.* 5(c).)

☐ **(BY OVERNIGHT MAIL)** I am personally and readily familiar with the business practice of Aegis Law Firm PC for collection and processing correspondence for overnight delivery, and I caused such document(s) described herein to be deposited for delivery to a facility regularly maintained Federal Express for overnight delivery. (*Cal Code Civ. Proc.* § 1013(c); *Fed. R. Civ. Proc.* 5(c).)

☐ **(BY ELECTRONIC TRANSMISSION)** I caused said document(s) to be served via electronic transmission via the above listed email addresses on the date below. (*Cal. Code Civ. Proc.* § 1010.6(6); *Fed. R. Civ. Proc.* 5(b)(2)(E); *Fed. R. Civ. Proc.* 5(b)(3).)

☐ **(BY PERSONAL SERVICE)** I delivered the foregoing document by hand delivery to the addressed named above. (*Cal Code Civ. Proc.* § 1011; *Fed. R. Civ. Proc.* 5(b)(2)(A).)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 10, 2023, at Irvine, California.

Jacquelyn Enciso

2019-GEN-014-00

FILED
Superior Court of California
County of Los Angeles

MAY 03 2019

Sherri R. Carter, Executive Officer/Clerk
By ____________, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT — MANDATORY ELECTRONIC FILING FOR CIVIL

FIRST AMENDED GENERAL ORDER

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

a) **"Bookmark"** A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

b) **"Efiling Portal"** The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

c) **"Electronic Envelope"** A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

d) **"Electronic Filing"** Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

e) **"Electronic Filing Service Provider"** An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court. (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"** For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"** An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"** A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format. Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs. Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) EXEMPT LITIGANTS

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) EXEMPT FILINGS

a) The following documents shall not be filed electronically:

i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

ii) Bonds/Undertaking documents;

iii) Trial and Evidentiary Hearing Exhibits

iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format **when technologically feasible without impairment of the document's image.**

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

i) Depositions;

ii) Declarations;

iii) Exhibits (including exhibits to declarations);

iv) Transcripts (including excerpts within transcripts);

v) Points and Authorities;

vi) Citations; and

vii) Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted. (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of: (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day <u>before</u> the ex parte hearing.

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

i) Any printed document required pursuant to a Standing or General Order;

ii) Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

iii) Pleadings and motions that include points and authorities;

iv) Demurrers;

v) Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

vi) Motions for Summary Judgment/Adjudication; and

vii) Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

11) SIGNATURES ON ELECTRONIC FILING

For purposes of this General Order, all electronic filings must be in compliance with California Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil Division of the Los Angeles County Superior Court.

This First Amended General Order supersedes any previous order related to electronic filing, and is effective immediately, and is to remain in effect until otherwise ordered by the Civil Supervising Judge and/or Presiding Judge.

DATED: May 3, 2019

KEVIN C. BRAZILE
Presiding Judge

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAR 07 2023

David W. Slayton, Executive Officer/Clerk of Court

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

JACQUELINE WHITE, individually and on behalf of all others similarly situated,

Plaintiff(s),

vs.

TORRANCE REFINING COMPANY LLC; and DOES 1 through 20, inclusive,

Defendant(s).

**Case No.: 23STCV02967**

**INITIAL STATUS CONFERENCE ORDER (COMPLEX LITIGATION PROGRAM)**

Case Assigned for All purposes to Judge Elihu M. Berle

Department 6
Date: May 1, 2023
Time: 11:00 a.m.

This case has been assigned for all purposes to Judge Elihu M. Berle in the Complex Litigation Program. An Initial Status Conference is set for May 1, 2023, at 11:00 a.m. in Department 6 located in the Los Angeles Superior Courts at United States Courthouse at 312 N. Spring Street, Los Angeles, California 90012.

Counsel are urged to appear remotely via LA COURT CONNECT. The attorney portal can be found on the Court's website at lacourt.org.

Plaintiff's counsel is directed to serve a copy of this Initial Status Conference Order on all parties, within five (5) days of service of this order. If any defendant has not yet been served in this action, service is to be completed within twenty (20) days of the date of this order.

The Court orders counsel to meet and confer to prepare for the Initial Status Conference by identifying and discussing the central legal and factual issues in the case. Counsel for plaintiff is ordered to initiate contact with counsel for defense to begin this process. Counsel then must negotiate and agree, as possible, on a case management plan.

Counsel must file a Joint Initial Status Conference Statement seven (7) calendar days before the Initial Status Conference. The Joint Initial Status Conference Statement must be filed on line-numbered pleading paper and must specifically address each of the below numbered items. Do not use the Judicial Council Form CM-110 (Case Management Statement).

1. **PARTIES AND COUNSEL:** Please list all presently named plaintiffs and/or class representatives and presently named defendants, together with all counsel of record, including counsel's contact and email information.
2. **ELECTRONIC SERVICE OF PAPERS:** for administrative efficiency and conservation of resource for the parties and court, the complex program requires the parties in every new case to use a third-party cloud service, such as:
   - Case Anywhere (www.caseanywhere.com),
   - CaseHomePage (www.casehomepage.com), or
   - File&ServeXpress (www.lexisnexis.com/fileandserve).

The parties are to select one of these vendors and submit the parties' choice when filing the Joint Initial Status Conference Statement. If the parties cannot agree, the court will select the vendor at the Initial Status Conference. Electronic service is not the same as electronic filing.

**3. CLAIMS AND DEFENSES:** Set forth a brief description of the core factual and legal issues, derived from Plaintiff's claims and defendant's defenses.

**4. POTENTIAL ADDITIONAL PARTIES:** Does any plaintiff presently intend to add more plaintiffs and/or class representatives? If so, and if known, by what date and by what name will these parties be identified? Does any plaintiff presently intend to name more defendants? If so, and if known, by what date and by what name will these defendants be identified? Does any appearing defendant presently intend to file a cross-complaint? If so, who will be named as a cross-defendant and what are the specific cross claims to be asserted?

**5. IMPROPERLY NAMED DEFENDANT(S):** Does any party contend that the complaint names the wrong person or entity, please explain.

**6. (For class actions) ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S):** Does any party contend one or more named plaintiffs might not be an adequate class representative. If so, please explain.

**7. (For class actions) FOR CLASS ACTIONS ESTIMATED SIZE:** What is the estimated size of the putative class?

**8. (For class actions) OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS:** Are there other cases with overlapping class definitions? If so, please identify the court, the short caption title, the docket number, and the case status.

**9. ARBITRATION AGREEMENTS AND/OR CLASS ACTION WAIVER CLAUSES:** Does any party contend there is an arbitration agreement and/or class action waiver. If so, please discuss.

**10. POTENTIAL EARLY CRUCIAL MOTIONS:** Are there any issues that can be identified and resolved early. If so, please identify and set forth proposed procedures for resolution.

**PLEASE NOTE: By stipulation a party may move for summary adjudication of a legal issues or a claim for damages that does not completely dispose of a cause of action, an affirmative defense, or an issue of duty. (C.C.P. § 437c(t)).**

**11. PROTECTIVE ORDERS:** Parties considering an order to protect confidential information from general disclosure should consider the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

**12. DISCOVERY:** Counsel are to discuss a plan of discovery. In class actions, prior to class certification, the court generally allows discovery on matters relevant to class certification, which depending on circumstances, sometimes may include some factual issues also touching the merits.

**13. INSURANCE COVERAGE:** Please state (1) if there is insurance for indemnity or reimbursement, and (2) whether there are any insurance coverage issues which might affect settlement.

**14. ALTERNATIVE DISPUTE RESOLUTION:** Counsel are requested to discuss ADR and proposed neutrals to conduct such proceedings.

**15. TIMELINE FOR CASE MANAGEMENT:** Counsel to propose future dates for:

- The next status conference,
- A schedule for alternative dispute resolution,
- A filing deadline for the motion for class certification, and
- Filing deadlines and descriptions for other anticipated non-discovery motions.

**PENDING FURTHER ORDERS OF THIS COURT,** and except as otherwise provided in this Initial Status Conference Order, ***these proceedings are stayed, except for service of summons and complaint and filing of Notice of Appearance.*** This stay shall

preclude the filing of any answer, demurrer, motion to strike, or motions challenging the jurisdiction of the Court. Each defendant should file a Notice of Appearance for purposes of identification of counsel and preparation of a service list. The filing such a Notice of Appearance shall be without prejudice to any challenge to the jurisdiction of the Court, substantive or procedural challenges to the Complaint, any affirmative defense, and the filing of any cross-complaint in this action. This stay is issued to assist the Court and the parties in managing this "complex" case. Although the stay applied to discovery, this stay shall not preclude the parties from informally exchanging documents that may assist in their initial evaluation of the issues presented in this case.

ELIHU M. BERLE

Dated: MAR 07 2023

HON. ELIHU M. BERLE
JUDGE OF THE SUPERIOR COURT

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

SPRING STREET COURTHOUSE
312 NORTH SPRING STREET, ROOM 255
LOS ANGELES, CALIFORNIA 90012

LOS ANGELES CA 900
8 MAR 2023 PM 8 L

US POSTAGE PITNEY BOWES
ZIP 90012 $ 001.50⁰
02 4W
0000373699 MAR. 08. 2023

SUS/JC

S261884375 C076

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**Civil Division**

Central District, Spring Street Courthouse, Department 17

**23STCV02967**
**JACQUELINE WHITE, vs TORRANCE REFINING COMPANY LLC**

February 24, 2023
4:26 PM

Judge: Honorable Maren Nelson
Judicial Assistant: Nancy Navarro
Courtroom Assistant: None

CSR: None
ERM: None
Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s): No Appearances

**NATURE OF PROCEEDINGS:** Court Order re: Peremptory Challenge

The Court reviews the Peremptory Challenge filed by Jacqueline White, (Plaintiff) on 02/14/2023 pursuant to Code of Civil Procedure section 170.6 and finds that it was timely filed, in proper format, and is accepted.

The case is ordered transferred to Judge David S. Cunningham III in Department 11 at the Spring Street Courthouse for reassignment purposes only.

Counsel for Plaintiff is to give notice.

Certificate of Mailing is attached.

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp<br><br>FILED<br>Superior Court of California<br>County of Los Angeles<br>02/24/2023<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: N. Navarro Deputy |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | |
| PLAINTIFF/PETITIONER:<br>Jacqueline White, | |
| DEFENDANT/RESPONDENT:<br>Torrance Refining Company LLC | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>23STCV02967 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Court Order re: Peremptory Challenge) of 02/24/2023 upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Jessica L. Campbell
AEGIS Law Firm, PC
9811 Irvine Center Drive, Suite 100
Irvine, CA 92618

David W. Slayton, Executive Officer / Clerk of Court

Dated: 02/24/2023

By: N. Navarro
Deputy Clerk

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

SPRING STREET COURTHOUSE
312 NORTH SPRING STREET, ROOM 255
LOS ANGELES, CALIFORNIA 90012

US POSTAGE PITNEY BOWES
ZIP 90012
02 4W
$ 000.60⁰
0000373699 FEB. 27. 2023

**SSC Dept 17**

9261834375 C07S

 Superior Court of California, County of Los Angeles

# ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

**What is ADR?**

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

**Advantages of ADR**

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

**Disadvantages of ADR**

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

**Main Types of ADR**

1. **Negotiation**: Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation**: In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

    **Mediation may be appropriate when the parties**
    - want to work out a solution but need help from a neutral person.
    - have communication problems or strong emotions that interfere with resolution.

    **Mediation may not be appropriate when the parties**
    - want a public trial and want a judge or jury to decide the outcome.
    - lack equal bargaining power or have a history of physical/emotional abuse.

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

- **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
- **JAMS, Inc.** Assistant Manager Reggie Joseph, RJoseph@jamsadr.com (310) 309-6209
- **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

Day of trial mediation programs have been paused until further notice.

**Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration**: Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC)**: MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

Superior Court of California
County of Los Angeles

Los Angeles County
Bar Association
Litigation Section

Los Angeles County
Bar Association Labor and
Employment Law Section

Consumer Attorneys
Association of Los Angeles

Southern California
Defense Counsel

Association of
Business Trial Lawyers

California Employment
Lawyers Association

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

**◆Los Angeles County Bar Association Litigation Section◆**

**◆ Los Angeles County Bar Association Labor and Employment Law Section◆**

**◆Consumer Attorneys Association of Los Angeles◆**

**◆Southern California Defense Counsel◆**

**◆Association of Business Trial Lawyers◆**

**◆California Employment Lawyers Association◆**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | | CASE NUMBER: |

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the “core” of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered “core.” In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered “core.”);

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at ***www.lacourt.org*** under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to ____________ (INSERT DATE) for the complaint, and ____________ (INSERT DATE) for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

____________ (TYPE OR PRINT NAME) ➢ ____________ (ATTORNEY FOR PLAINTIFF)

Date:

____________ (TYPE OR PRINT NAME) ➢ ____________ (ATTORNEY FOR DEFENDANT)

Date:

____________ (TYPE OR PRINT NAME) ➢ ____________ (ATTORNEY FOR DEFENDANT)

Date:

____________ (TYPE OR PRINT NAME) ➢ ____________ (ATTORNEY FOR DEFENDANT)

Date:

____________ (TYPE OR PRINT NAME) ➢ ____________ (ATTORNEY FOR ____________)

Date:

____________ (TYPE OR PRINT NAME) ➢ ____________ (ATTORNEY FOR ____________)

Date:

____________ (TYPE OR PRINT NAME) ➢ ____________ (ATTORNEY FOR ____________)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| **STIPULATION – DISCOVERY RESOLUTION** | | CASE NUMBER: |

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

      iii.   Be filed within two (2) court days of receipt of the Request; and

      iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

    It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

(TYPE OR PRINT NAME) ➤ (ATTORNEY FOR PLAINTIFF)

Date:

(TYPE OR PRINT NAME) ➤ (ATTORNEY FOR DEFENDANT)

Date:

(TYPE OR PRINT NAME) ➤ (ATTORNEY FOR DEFENDANT)

Date:

(TYPE OR PRINT NAME) ➤ (ATTORNEY FOR DEFENDANT)

Date:

(TYPE OR PRINT NAME) ➤ (ATTORNEY FOR ______________________)

Date:

(TYPE OR PRINT NAME) ➤ (ATTORNEY FOR ______________________)

Date:

(TYPE OR PRINT NAME) ➤ (ATTORNEY FOR ______________________)

Print Save Clear

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | | CASE NUMBER: |

1. This document relates to:

   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: ________________ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: ________________ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, briefly describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, briefly describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**




| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | | CASE NUMBER: |

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_______________________ ➤ _______________________
(TYPE OR PRINT NAME) (ATTORNEY FOR PLAINTIFF)

Date:

_______________________ ➤ _______________________
(TYPE OR PRINT NAME) (ATTORNEY FOR DEFENDANT)

Date:

_______________________ ➤ _______________________
(TYPE OR PRINT NAME) (ATTORNEY FOR DEFENDANT)

Date:

_______________________ ➤ _______________________
(TYPE OR PRINT NAME) (ATTORNEY FOR DEFENDANT)

Date:

_______________________ ➤ _______________________
(TYPE OR PRINT NAME) (ATTORNEY FOR _______________)

Date:

_______________________ ➤ _______________________
(TYPE OR PRINT NAME) (ATTORNEY FOR _______________)

Date:

_______________________ ➤ _______________________
(TYPE OR PRINT NAME) (ATTORNEY FOR _______________)

**THE COURT SO ORDERS.**

Date: _______________________ _______________________
JUDICIAL OFFICER

Print

 

FILED
LOS ANGELES SUPERIOR COURT

MAY 11 2011

JOHN A. CLARKE, CLERK
N. Navarro
BY NANCY NAVARRO, DEPUTY

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

| | | |
|---|---|---|
| General Order Re<br>Use of Voluntary Efficient Litigation<br>Stipulations | )<br>)<br>)<br>)<br>)<br>) | ORDER PURSUANT TO CCP 1054(a), EXTENDING TIME TO RESPOND BY 30 DAYS WHEN PARTIES AGREE TO EARLY ORGANIZATIONAL MEETING STIPULATION |

Whereas the Los Angeles Superior Court and the Executive Committee of the Litigation Section of the Los Angeles County Bar Association have cooperated in drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los Angeles County Bar Association Labor and Employment Law Section; the Consumer Attorneys Association of Los Angeles; the Association of Southern California Defense Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California Employment Lawyers Association all "endorse the goal of promoting efficiency in litigation, and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases;"

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation. This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

by Code of Civil Procedure section 1054(a) without further need of a specific court order.

DATED: May 11, 2011

Carolyn B. Kuhl, Supervising Judge of the Civil Departments, Los Angeles Superior Court

-3-

ORDER PURSUANT TO CCP 1054(a)

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**Civil Division**
Central District, Spring Street Courthouse, Department 11

**23STCV02967**
**JACQUELINE WHITE, vs TORRANCE REFINING COMPANY LLC**

March 1, 2023
9:22 AM

Judge: Honorable David S. Cunningham III
Judicial Assistant: I. Arellanes
Courtroom Assistant: C. Concepcion

CSR: None
ERM: None
Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s): No Appearances

**NATURE OF PROCEEDINGS:** Court Order Re. Case Reassignment;

This case was ordered transferred to the Assistant Supervising Judge of Complex Civil Litigation, Judge David S. Cunningham III in Department 11, for reassignment purposes only.

The case is reassigned for the following reason: Peremptory Challenge to Judicial Officer Maren Nelson.

Good cause appearing and on order of the Court, the above matter is reassigned at the direction of the Supervising Judge to Judge Elihu M. Berle in Department 6 at the Spring Street Courthouse for all further proceedings.

Plaintiff is ordered to forthwith serve a copy of this minute order on all parties and file a proof of service within seven (7) days of service.

Certificate of Mailing is attached.

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp<br>FILED<br>Superior Court of California<br>County of Los Angeles<br>03/01/2023<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: I. Arellanes Deputy |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | |
| PLAINTIFF/PETITIONER:<br>Jacqueline White, | |
| DEFENDANT/RESPONDENT:<br>Torrance Refining Company LLC | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>23STCV02967 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Court Order Re. Case Reassignment;) of 03/01/2023 upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Jessica L. Campbell
AEGIS Law Firm, PC
9811 Irvine Center Drive, Suite 100
Irvine, CA 92618

David W. Slayton, Executive Officer / Clerk of Court

Dated: 03/1/2023

By: I. Arellanes
Deputy Clerk

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

SPRING STREET COURTHOUSE
312 NORTH SPRING STREET, ROOM 255 Dept 11
LOS ANGELES, CALIFORNIA 90012

US POSTAGE
PITNEY BOWES
ZIP 90012
02 4W
$ 000.60⁰
0000373699 MAR. 01. 2023

9261834375 C076

Electronically FILED by Superior Court of California, County of Los Angeles on 02/10/2023 08:58 AM David W. Slayton, Executive Officer/Clerk of Court, by G. Cabral, Deputy Clerk
23STCV02967

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Jessica L. Campbell, Esq. SBN 280626
AEGIS LAW FIRM, P.C.
9811 Irvine Center Drive, Suite 100
Irvine, CA 92618
TELEPHONE NO.: 949.379.6250 FAX NO.: 949.379.6251
ATTORNEY FOR (Name): Plaintiff Jacqueline White

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Central

CASE NAME:
Jacqueline White v. Torrance Refining Company LLC

# CIVIL CASE COVER SHEET

☑ Unlimited (Amount demanded exceeds $25,000)
☐ Limited (Amount demanded is $25,000 or less)

Complex Case Designation
☐ Counter ☐ Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: 23STCV02967
JUDGE:
DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. ☑ monetary b. ☑ nonmonetary; declaratory or injunctive relief c. ☐ punitive
4. Number of causes of action *(specify)*: Eight
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 10, 2023
Jessica L. Campbell
(TYPE OR PRINT NAME)
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]
CIVIL CASE COVER SHEET
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease
    - Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

| SHORT TITLE: Jacqueline White v. Torrance Refining Company LLC | CASE NUMBER 23STCV02967 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

**Applicable Reasons for Choosing Court Filing Location (Column C)**

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action (Check only one) | C<br>Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| Auto Tort | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070 Asbestos Property Damage<br>☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons<br>☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall)<br>☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270 Intentional Infliction of Emotional Distress<br>☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br>1, 4, 11<br>1, 4, 11 |

| SHORT TITLE: Jacqueline White v. Torrance Refining Company LLC | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Non-Personal Injury/ Property Damage/ Wrongful Death Tort | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice<br>☐ A6050 Other Professional Malpractice (not medical or legal) | 1, 2, 3<br>1, 2, 3 |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| Employment | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☑ A6024 Other Employment Complaint Case<br>☐ A6109 Labor Commissioner Appeals | (1), (2), (3)<br>10 |
| Contract | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019 Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 2, 5<br>2, 5<br>1, 2, 5<br>1, 2, 5 |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff<br>☐ A6012 Other Promissory Note/Collections Case<br>☐ A6034 Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11<br>5, 11<br>5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009 Contractual Fraud<br>☐ A6031 Tortious Interference<br>☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 5<br>1, 2, 3, 5<br>1, 2, 3, 8, 9 |
| Real Property | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation Number of parcels_______ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure<br>☐ A6032 Quiet Title<br>☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6<br>2, 6<br>2, 6 |
| Unlawful Detainer | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2, 6, 11 |

| SHORT TITLE: Jacqueline White v. Torrance Refining Company LLC | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Judicial Review | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152 Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153 Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2, 8 |
| Provisionally Complex Litigation | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| Enforcement of Judgment | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160 Abstract of Judgment | 2, 6 |
| | | ☐ A6107 Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112 Other Enforcement of Judgment Case | 2, 8, 9 |
| Miscellaneous Civil Complaints | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011 Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| Miscellaneous Civil Petitions | Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123 Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124 Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190 Election Contest | 2 |
| | | ☐ A6110 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100 Other Civil Petition | 2, 9 |

| SHORT TITLE: Jacqueline White v. Torrance Refining Company LLC | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address**: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: ☑ 1. ☑ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | | | ADDRESS: 111 N Hill Street |
|---|---|---|---|
| CITY: Los Angeles | STATE: CA | ZIP CODE: 90012 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the Central District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: February 10, 2023

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).
5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**Civil Division**

Central District, Spring Street Courthouse, Department 6

**23STCV02967**
**JACQUELINE WHITE, vs TORRANCE REFINING COMPANY LLC**

March 7, 2023
1:44 PM

Judge: Honorable Elihu M. Berle
Judicial Assistant: M. Fregoso
Courtroom Assistant: M. Molinar

CSR: None
ERM: None
Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s): No Appearances

**NATURE OF PROCEEDINGS:** Court Order Re Initial Status Conference

By this order, the Court determines this case to be Complex according to Rule 3.400 of the California Rules of Court. The Clerk's Office has assigned this case to this department for all purposes.

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent or adverse party, not to exceed, for each separate case number, a total of eighteen thousand dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties. All such fees are ordered to be paid to Los Angeles Superior Court, within ten (10) days of service of this order.

By this order, the Court stays the case, except for service of the Summons and Complaint. The stay continues at least until the Initial Status Conference. Initial Status Conference is set for 05/01/2023 at 11:00 AM in this department. At least ten (10) days prior to the Initial Status Conference, counsel for all parties must discuss the issues set forth in the Initial Status Conference Order issued this date. Counsel must file a Joint Initial Status Conference Response Statement five (5) court days before the Initial Status Conference.

The Initial Status Conference Order, served concurrently with this Minute Order, is to help the Court and the parties manage this complex case by developing an orderly schedule for briefing, discovery, and court hearings. The parties are informally encouraged to exchange documents and information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further Order of the Court. Parties must file a Notice of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**Civil Division**
Central District, Spring Street Courthouse, Department 6

**23STCV02967**
**JACQUELINE WHITE, vs TORRANCE REFINING COMPANY LLC**

March 7, 2023
1:44 PM

Judge: Honorable Elihu M. Berle
Judicial Assistant: M. Fregoso
Courtroom Assistant: M. Molinar

CSR: None
ERM: None
Deputy Sheriff: None

---

Appearance shall not constitute a waiver of any substantive or procedural challenge to the Complaint. Nothing in this order stays the time for filing an Affidavit of Prejudice pursuant to Code of Civil Procedure Section 170.6. Nothing in this order stays the filing of an Amended Complaint pursuant to Labor Code Section 2699.3(a)(2)(C) by a plaintiff wishing to add a Private Attorney General Act ("PAGA") claim.

For information on electronic filing in the Complex Courts, please refer to https://www.lacourt.org/division/efiling/efiling2.aspx#civil. See, in particular, the link therein for "Complex Civil efiling." Parties shall file all documents in conformity with the Presiding Judge's First Amended General Order of May 3, 2019, particularly including the provisions therein requiring Bookmarking with links to primary documents and citations; that Order is available on the Court's website at the link shown above.

For efficiency in communication with counsel, the complex program requires the parties in every new case to use an approved third-party cloud service that provides an electronic message board. In order to facilitate communication with counsel prior to the Initial Status Conference, the parties must sign-up with the e-service provider at least ten (10) court days in advance of the Initial Status Conference and advise the Court which provider was selected.

The court has implemented LACourtConnect to allow attorneys, self-represented litigants and parties to make audio or video appearances in Los Angeles County courtrooms. LACourtConnect technology provides a secure, safe and convenient way to attend hearings remotely. A key element of the Court's Access LACourt YOUR WAY program to provide services and access to justice, LACourtConnect is intended to enhance social distancing and change the traditional in-person courtroom appearance model. See https://my.lacourt.org/laccwelcome for more information.

This Complex Courtroom does not use Los Angeles Superior Court's Court Reservation ("CRS") portal to reserve motion hearing dates. Rather, counsel may secure dates by calling the Courtroom Assistant at 213-310-70xx with the "xx" being the Department number, e.g. Dept. 1 is 01 and Dept. 10 is 10.

Court reporters are not provided for hearings or trials. The parties should make their own arrangements for any hearing where a transcript is desired.

If you believe a party or witness will need an interpreter, see the court's website for information on how to make such a request in a timely manner. https://www.lacourt.org/irud/UI/index.aspx

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**Civil Division**

Central District, Spring Street Courthouse, Department 6

**23STCV02967**
**JACQUELINE WHITE, vs TORRANCE REFINING COMPANY LLC**

March 7, 2023
1:44 PM

Judge: Honorable Elihu M. Berle
Judicial Assistant: M. Fregoso
Courtroom Assistant: M. Molinar

CSR: None
ERM: None
Deputy Sheriff: None

---

Counsel are directed to access the following link for further information on procedures in the Complex litigation Program courtrooms: https://www.lacourt.org/division/civil/CI0042.aspx.

The plaintiff must serve a copy of this minute order and the attached Initial Status Conference Order on all parties forthwith and file a Proof of Service in this department within seven (7) days of service.

PARTIES SHALL FILE A JOINT INITIAL STATUS CONFERENCE REPORT 7 DAYS PRIOR TO THE INITIAL STATUS CONFERENCE.

Certificate of Mailing is attached.

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS: Spring Street Courthouse 312 North Spring Street, Los Angeles, CA 90012 | FILED Superior Court of California County of Los Angeles 03/07/2023 David W. Slayton, Executive Officer / Clerk of Court By: M. Fregoso Deputy |
| PLAINTIFF/PETITIONER: Jacqueline White, | |
| DEFENDANT/RESPONDENT: Torrance Refining Company LLC | |
| **CERTIFICATE OF MAILING** | CASE NUMBER: 23STCV02967 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Court Order Re Initial Status Conference) of 03/07/2023, Initial Status Conference Order upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Jessica L. Campbell
AEGIS Law Firm, PC
9811 Irvine Center Drive, Suite 100
Irvine, CA 92618

David W. Slayton, Executive Officer / Clerk of Court

Dated: 03/7/2023

By: M. Fregoso
Deputy Clerk

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

SPRING STREET COURTHOUSE
312 NORTH SPRING STREET, ROOM 255
LOS ANGELES, CALIFORNIA 90012

LOS ANGELES CA 900
8 MAR 2023 PM 8 L

US POSTAGE
ZIP 90012 $ 001.50⁰
02 4W
0000373699 MAR. 08. 2023

SUS/JC

9261884375 C076

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS

Superior Court of California
County of Los Angeles

Los Angeles County
Bar Association
Litigation Section

Los Angeles County
Bar Association Labor and
Employment Law Section

Consumer Attorneys
Association of Los Angeles

Southern California
Defense Counsel

Association of
Business Trial Lawyers

California Employment
Lawyers Association

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

**◆Los Angeles County Bar Association Litigation Section◆**

**◆ Los Angeles County Bar Association Labor and Employment Law Section◆**

**◆Consumer Attorneys Association of Los Angeles◆**

**◆Southern California Defense Counsel◆**

**◆Association of Business Trial Lawyers◆**

**◆California Employment Lawyers Association◆**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | | CASE NUMBER: |

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at ***www.lacourt.org*** under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to ________________ (INSERT DATE) for the complaint, and ________________ (INSERT DATE) for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

________________________ ➢ ________________________
(TYPE OR PRINT NAME) (ATTORNEY FOR PLAINTIFF)

Date:

________________________ ➢ ________________________
(TYPE OR PRINT NAME) (ATTORNEY FOR DEFENDANT)

Date:

________________________ ➢ ________________________
(TYPE OR PRINT NAME) (ATTORNEY FOR DEFENDANT)

Date:

________________________ ➢ ________________________
(TYPE OR PRINT NAME) (ATTORNEY FOR DEFENDANT)

Date:

________________________ ➢ ________________________
(TYPE OR PRINT NAME) (ATTORNEY FOR ________________)

Date:

________________________ ➢ ________________________
(TYPE OR PRINT NAME) (ATTORNEY FOR ________________)

Date:

________________________ ➢ ________________________
(TYPE OR PRINT NAME) (ATTORNEY FOR ________________)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| **STIPULATION – DISCOVERY RESOLUTION** | | CASE NUMBER: |

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
| --- | --- |
| | |

iii. Be filed within two (2) court days of receipt of the Request; and

iv. Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c. No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d. If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e. If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4. If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5. The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

   It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6. Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7. Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

| | |
|---|---|
| Date: | ➤ |
| (TYPE OR PRINT NAME) | (ATTORNEY FOR PLAINTIFF) |
| Date: | ➤ |
| (TYPE OR PRINT NAME) | (ATTORNEY FOR DEFENDANT) |
| Date: | ➤ |
| (TYPE OR PRINT NAME) | (ATTORNEY FOR DEFENDANT) |
| Date: | ➤ |
| (TYPE OR PRINT NAME) | (ATTORNEY FOR DEFENDANT) |
| Date: | ➤ |
| (TYPE OR PRINT NAME) | (ATTORNEY FOR ______________________) |
| Date: | ➤ |
| (TYPE OR PRINT NAME) | (ATTORNEY FOR ______________________) |
| Date: | ➤ |
| (TYPE OR PRINT NAME) | (ATTORNEY FOR ______________________) |

Print  Clear

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

STIPULATION – DISCOVERY RESOLUTION

Page 3 of 3

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | | CASE NUMBER: |

1. This document relates to:

   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: ________________ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: ________________ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

Print

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | | CASE NUMBER: |

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least ____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
| --- | --- |
| | |

**The following parties stipulate:**

Date:

_______________________________ ➢ _______________________________
(TYPE OR PRINT NAME) (ATTORNEY FOR PLAINTIFF)

Date:

_______________________________ ➢ _______________________________
(TYPE OR PRINT NAME) (ATTORNEY FOR DEFENDANT)

Date:

_______________________________ ➢ _______________________________
(TYPE OR PRINT NAME) (ATTORNEY FOR DEFENDANT)

Date:

_______________________________ ➢ _______________________________
(TYPE OR PRINT NAME) (ATTORNEY FOR DEFENDANT)

Date:

_______________________________ ➢ _______________________________
(TYPE OR PRINT NAME) (ATTORNEY FOR ____________________)

Date:

_______________________________ ➢ _______________________________
(TYPE OR PRINT NAME) (ATTORNEY FOR ____________________)

Date:

_______________________________ ➢ _______________________________
(TYPE OR PRINT NAME) (ATTORNEY FOR ____________________)

**THE COURT SO ORDERS.**

Date: _______________________________ _______________________________
JUDICIAL OFFICER

Print  Clear

FILED
LOS ANGELES SUPERIOR COURT

MAY 11 2011

JOHN A. CLARKE, CLERK
BY NANCY NAVARRO, DEPUTY

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

| | | |
|---|---|---|
| General Order Re<br>Use of Voluntary Efficient Litigation<br>Stipulations | )<br>)<br>)<br>)<br>)<br>) | ORDER PURSUANT TO CCP 1054(a), EXTENDING TIME TO RESPOND BY 30 DAYS WHEN PARTIES AGREE TO EARLY ORGANIZATIONAL MEETING STIPULATION |

Whereas the Los Angeles Superior Court and the Executive Committee of the Litigation Section of the Los Angeles County Bar Association have cooperated in drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los Angeles County Bar Association Labor and Employment Law Section; the Consumer Attorneys Association of Los Angeles; the Association of Southern California Defense Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California Employment Lawyers Association all "endorse the goal of promoting efficiency in litigation, and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases;"

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation. This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

by Code of Civil Procedure section 1054(a) without further need of a specific court order.

DATED: May 11, 2011

Carolyn B. Kuhl
Carolyn B. Kuhl, Supervising Judge of the Civil Departments, Los Angeles Superior Court

-3-

ORDER PURSUANT TO CCP 1054(a)

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:
Spring Street Courthouse
312 North Spring Street, Los Angeles, CA 90012

Reserved for Clerk's File Stamp

FILED
Superior Court of California
County of Los Angeles
02/10/2023
David W. Slayton, Executive Officer / Clerk of Court
By: G. Carini Deputy

**NOTICE OF CASE ASSIGNMENT**

**UNLIMITED CIVIL CASE**

CASE NUMBER:
23STCV02967

**Your case is assigned for all purposes to the judicial officer indicated below.**

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Maren Nelson | 17 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record David W. Slayton, Executive Officer / Clerk of Court

on 02/10/2023 By G. Carini, Deputy Clerk
(Date)

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

**APPLICATION**
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

**PRIORITY OVER OTHER RULES**
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE**
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**TIME STANDARDS**
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

**COMPLAINTS**
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

**CROSS-COMPLAINTS**
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

**STATUS CONFERENCE**
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

**FINAL STATUS CONFERENCE**
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

**SANCTIONS**
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

**Class Actions**
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

***Provisionally Complex Cases**
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

# EXHIBIT E

LAFAYETTE & KUMAGAI LLP
GARY T. LAFAYETTE (SBN 88666)
Email: glafayette@lkclaw.com
G. MARTIN VELEZ (SBN 168315)
Email: mvelez@lkclaw.com
1300 Clay Street, Suite 810
Oakland, California 94612
Telephone: (415) 357-4600
Facsimile: (415) 357-4605

Attorneys for Defendant
TORRANCE REFINING COMPANY LLC

Electronically FILED by Superior Court of California, County of Los Angeles 4/27/2023 10:39 AM David W. Slayton, Executive Officer/Clerk of Court, By M. Arellanes, Deputy Clerk

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
TEL: (415) 357-4600
FAX: (415) 357-4605

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

JACQUELINE WHITE,

Plaintiff,

v.

TORRANCE REFINING COMPANY LLC; and DOES 1 through 20, inclusive,

Defendant.

Case No. 23STCV02967

**DEFENDANT TORRANCE REFINING COMPANY LLC'S ANSWER TO PLAINTIFF'S UNVERIFIED CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

Action Filed: February 10, 2023

Defendant Torrance Refining Company LLC ("Defendant") answers, for itself and for no other defendant, the unverified Class Action Complaint ("Complaint") filed by Plaintiff Jacqueline White ("Plaintiff") in the above action as follows: Pursuant to California Code of Civil Procedure § 431.30(d), Defendant generally denies each and every, all and singular, of the allegations in the Complaint, and generally denies Plaintiff and/or any of the putative class members has/have been injured in any of the sums mentioned in the Complaint, or any sum at all, as the result of any action, omission to act, or delay in acting of this answering Defendant.

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
TEL: (415) 357-4600
FAX: (415) 357-4605

**AFFIRMATIVE DEFENSES**

In further answer to the Complaint, Defendant asserts the following affirmative defenses. In asserting these defenses, Defendant does not assume the burden of proof as to matters that, as a matter of law, are Plaintiff's burden to prove.

**FIRST AFFIRMATIVE DEFENSE**

1. As a first and separate affirmative defense, Defendant asserts that the Complaint as a whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendant upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

2. As a second, further, and separate affirmative defense, Defendant asserts that the Complaint and each alleged cause of action is barred in whole or in part by the applicable statute of limitations, including but not limited to California Code of Civil Procedure §§ 337, 338, 339 and 340 and California Business and Professions Code § 17208.

**THIRD AFFIRMATIVE DEFENSE**

3. As a third, further, and separate affirmative defense, Defendant asserts that the Complaint and each alleged cause of action is barred in whole or in part because to the extent Plaintiff and/or the putative class members failed to exhaust her/their administrative remedies under California Labor Code §§ 98-98.2 prior to commencing this lawsuit and thus this Court lacks jurisdiction.

**FOURTH AFFIRMATIVE DEFENSE**

4. As a fourth, further, and separate affirmative defense, Defendant asserts that Plaintiff and/or the putative class members is/are barred in whole or in part from recovering any damages, or any recovery must be reduced, by virtue of Plaintiff and/or the putative class members' failure to exercise reasonable diligence to mitigate the alleged damages.

**FIFTH AFFIRMATIVE DEFENSE**

5. As a fifth, further, and separate affirmative defense, Defendant asserts that he Complaint and each alleged cause of action is barred in whole or in part from because of the doctrines of collateral estoppel or res judicata.

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
TEL: (415) 357-4600
FAX: (415) 357-4605

**SIXTH AFFIRMATIVE DEFENSE**

6.     As a sixth, further, and separate affirmative defense, Defendant asserts that the Complaint and each alleged cause of action is barred in whole or in part because Plaintiff and/or the putative class members is/are estopped by her/their own conduct to claim any right to damages or any relief against Defendant.

**SEVENTH AFFIRMATIVE DEFENSE**

7.     As a seventh, further, and separate affirmative defense, Defendant asserts that the Complaint and each alleged cause of action is barred in whole or in part by the doctrine of laches.

**EIGHTH AFFIRMATIVE DEFENSE**

8.     As an eighth, further, and separate affirmative defense, Defendant asserts that the Complaint and each alleged cause of action is barred in whole or in part by the doctrine of consent, including to the extent such claims are barred or limited by the terms of any applicable collective bargaining agreement and/or past practices.

**NINTH AFFIRMATIVE DEFENSE**

9.     As a ninth, further, and separate affirmative defense, Defendant asserts that the Complaint and each alleged cause of action is barred in whole or in part by the doctrines of estoppel and waiver.

**TENTH AFFIRMATIVE DEFENSE**

10.     As a tenth, further, and separate affirmative defense, Defendant asserts that the Complaint and each alleged cause of action is barred in whole or in part by the doctrine of unclean hands.

**ELEVENTH AFFIRMATIVE DEFENSE**

11.     As an eleventh, further, and separate affirmative defense, Defendant asserts that Plaintiff and/or the putative class members is/are not entitled to any penalty award, including but not limited to, under California Labor Code § 203, since, at all times relevant and material herein, Defendant acted in good faith and did not willfully, knowingly or intentionally fail to comply with the California Labor Code but rather acted in good faith and had reasonable grounds for believing it did not violate the California Labor Code.

**TWELFTH AFFIRMATIVE DEFENSE**

12. As a twelfth, further, and separate affirmative defense, Defendant asserts that the Complaint and each alleged cause of action is barred in whole or in part to the extent there was a good faith dispute over the payment of wages to Plaintiff and/or the putative class members and therefore waiting time penalties are not authorized by California Labor Code § 203.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13. As a thirteenth, further, and separate affirmative defense, Defendant asserts that the Complaint, in whole or in part, is preempted by the Labor Management Relations Act §301.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14. As a fourteenth, further, and separate affirmative defense, Defendant asserts that Plaintiff's claim for injunctive relief, on behalf of herself and the putative class, is barred because Plaintiff and/or the putative class members lack standing and/or has/have an adequate and complete remedy at law, and/or Plaintiff and/or the putative class members cannot make the requisite showing, on behalf of herself or the putative class, to obtain injunctive relief in a labor dispute under California Labor Code §§ 1138.1 *et seq.*.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15. As a fifteenth, further, and separate affirmative defense, Defendant asserts that it is entitled to offset for any monies received by Plaintiff and/or the putative class members from any source in compensation for her/their alleged economic damages and non-economic damages under the common law doctrine of offset and under the doctrine prohibiting double recovery set forth under *Witt v. Jackson*, 57 Cal.2d 57 (1961), and its progeny.

**SIXTEENTH AFFIRMATIVE DEFENSE**

16. As a sixteenth, further, and separate affirmative defense, Defendant asserts that the Complaint, and each purported cause of action alleged therein, fails to state a cause of action or causes of action for attorneys' fees against Defendant on any basis.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17. As a seventeenth, further, and separate affirmative defense, Defendant asserts that the Plaintiff and/or the putative class members are not entitled to an award of prejudgment

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
TEL: (415) 357-4600
FAX: (415) 357-4605

interest if Plaintiff and/or the putative class members prevail on any or all claims.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

18. As an eighteenth, further, and separate affirmative defense, Defendant asserts that Plaintiff and/or the putative class members is/are not entitled to any equitable or injunctive relief as prayed for in the Complaint because Plaintiff and/or the putative class members have suffered no irreparable injury based on any alleged conduct of Defendant, and Plaintiff and/or the putative class members have an adequate remedy at law for any such conduct.

**NINETEENTH AFFIRMATIVE DEFENSE**

19. As a nineteenth, further, and separate affirmative defense, Defendant asserts that Plaintiff and/or the putative class members' claims is/are barred, in whole or in part, by California Labor Code § 226.75.

**TWENTIETH AFFIRMATIVE DEFENSE**

20. As a twentieth, further, and separate affirmative defense, Defendant asserts that Plaintiff and/or the putative class members is/are not entitled to a penalty award under California Labor Code §§ 226, 226.7, and/or any other applicable provision of the Labor Code or under California law because a good faith dispute exists as to the monies allegedly owed, such that Defendant cannot be held to have willfully failed to comply with the requirements of the Labor Code and/or the applicable wage orders, if any.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

21. As a twenty-first further, and separate affirmative defense, Defendant asserts the Complaint and each of the purported causes of action set forth therein are barred, in whole or in part, on the ground that Plaintiff and/or the putative class members has/have failed to allege and cannot prove the facts and prerequisites necessary to the maintenance of a class action, including but not limited to numerosity, commonality, superiority of class-based resolution, typicality, and adequacy of class representative and class counsel.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

22. As a twenty-second, further, and separate affirmative defense, Defendant asserts that the Complaint and each of the purported causes of action set forth therein are barred, in

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
TEL: (415) 357-4600
FAX: (415) 357-4605

whole or in part, on the ground that Plaintiff and/or Plaintiff's counsel are inadequate representatives of any alleged class of persons they purport to represent.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

23. As a twenty-third, further, and separate affirmative defense, Defendant asserts that class certification would be inappropriate due to conflicts of interests between Plaintiff and any putative class members, or between and among the purported class or subclass members.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

24. As a twenty-fourth further, and separate affirmative defense, Defendant asserts that the Third and Fourth causes of action are barred, in whole or in part, because Defendant met the legal requirements for making meal and rest periods available.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff and the putative class members take nothing by their Complaint;
2. That the Complaint be dismissed in its entirety with prejudice;
3. That Plaintiff and the putative class members be denied each and every demand and prayer for relief contained in the Complaint.
4. For costs of suit incurred herein including reasonable attorneys' fees pursuant to Labor Code §218.5, Code of Civil Procedure § 1021.5 and any other applicable law; and
5. For such other and further relief as the Court deems just and equitable.

///

///

///

///

///

///

///

///

///

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
TEL: (415) 357-4600
FAX: (415) 357-4605

DATED: April 27, 2023

**LAFAYETTE & KUMAGAI LLP**

By: ______________________________
Gary T. Lafayette
G. Martin Velez
Attorneys for Defendant
TORRANCE REFINING COMPANY LLC

**DEMAND FOR JURY TRIAL**

Defendant Torrance Refining Company LLC hereby demands a jury trial on all issues triable to a jury.

DATED: April 27, 2023

**LAFAYETTE & KUMAGAI LLP**

By: ______________________________
Gary T. Lafayette
G. Martin Velez
Attorneys for Defendant
TORRANCE REFINING COMPANY LLC

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
TEL: (415) 357-4600

7

DEFENDANT TORRANCE REFINING COMPANY LLC'S ANSWER TO PLAINTIFF'S UNVERIFIED CLASS ACTION COMPLAINT
Case No. 23STCV02967

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
TEL: (415) 357-4600
FAX: (415) 357-4605

**PROOF OF SERVICE**

I am employed in the City of Oakland, County of Alameda in the State of California. I am over the age of eighteen years and not a party to the within action. My business address is 1300 Clay Street, Suite 810, Oakland, California 94612.

On April 27, 2023, I served the following document(s):

**DEFENDANT TORRANCE REFINING COMPANY LLC'S ANSWER TO PLAINTIFF'S UNVERIFIED CLASS ACTION COMPLAINT**

The document(s) were served by the following means:

| | |
|---|---|
| XX | **(BY MAIL):** I caused each and such envelope with postage thereon fully prepaid, to be placed in the United State mail at Oakland, California. I am readily familiar with the practice for the collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection. |
| | **(BY PERSONAL SERVICE):** I caused to be personally served each document listed above on the addressee(s) noted below. |
| | **(BY FACSIMILE):** I caused to be sent via facsimile at the facsimile number listed below, a copy of each document to the addressee(s) noted below. |
| | **(BY OVERNIGHT MAIL):** I caused to be delivered to an overnight courier service each document to the addressee(s) noted below. |
| | **(BY ELECTRONIC MAIL):** I caused a copy of the document(s) to be sent from e-mail address kmikkelsen@lkclaw.com to the persons at the email addresses listed below. |

I served the document(s) on the person(s) listed below addressed as follows:

Samuel Wong
Kashif Haque
Jessica Campbell
AEGIS LAW FIRM, PC
9811 Irvine Center Dr., Ste. 100
Irvine, CA 92618
Tel: (949) 379-6250
Fax: (949) 379-6251
Email: jcampbell@aegislawfirm.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on April 27, 2023**,** at Oakland, California.

Kirsten Mikkelsen

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
TEL: (415) 357-4600
FAX: (415) 357-4605

## PROOF OF SERVICE

I am employed in the City of Oakland, County of Alameda in the State of California. I am over the age of eighteen years and not a party to the within action. My business address is 1300 Clay Street, Suite 810, Oakland, California 94612.

On April 27, 2023, I served the following document(s):

**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT UNDER 28 U.S.C. § 1441(B) (DIVERSITY)**

The document(s) were served by the following means:

| | |
|---|---|
| **XX** | **(BY MAIL):** I caused each and such envelope with postage thereon fully prepaid, to be placed in the United State mail at Oakland, California. I am readily familiar with the practice for the collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection. |
| | **(BY PERSONAL SERVICE):** I caused to be personally served each document listed above on the addressee(s) noted below. |
| | **(BY FACSIMILE):** I caused to be sent via facsimile at the facsimile number listed below, a copy of each document to the addressee(s) noted below. |
| | **(BY OVERNIGHT MAIL):** I caused to be delivered to an overnight courier service each document to the addressee(s) noted below. |
| | **(BY ELECTRONIC MAIL):** I caused a copy of the document(s) to be sent from e-mail address kmikkelsen@lkclaw.com to the persons at the email addresses listed below. |

I served the document(s) on the person(s) listed below addressed as follows:

Samuel Wong
Kashif Haque
Jessica Campbell
AEGIS LAW FIRM, PC
9811 Irvine Center Dr., Ste. 100
Irvine, CA 92618
Tel: (949) 379-6250
Fax: (949) 379-6251
Email: jcampbell@aegislawfirm.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on April 27, 2023, at Oakland, California.

Kirsten Mikkelsen