**REMAND / JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-3216-GW-PVCx | Date | July 7, 2023 |
|---|---|---|---|
| Title | *Jacqueline White v. Torrance Refining Co. LLC* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE |
|---|---|

| Javier Gonzalez | None Present | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**   **ORDER CONFIRMING TENTATIVE RULING AND REMANDING MATTER TO STATE COURT**

    The Court held a hearing on a Motion to Remand Action to State Court on Monday, July 3, 2023, and in advance of that hearing issued a tentative ruling. *See* Docket Nos. 24-25. With the following additional comments about the attorneys' fee arguments defendant Torrance Refining Company, LLC ("Defendant") offered at that hearing – which were the bulk of the arguments made during oral argument on the motion – the Court now confirms its tentative ruling as its final ruling.

    The Court has two principal problems with Defendant's attorneys' fee arguments that prevent it from adopting Defendant's position on that topic.

    First, Defendant's argument for a large fee figure attributable to the claims of plaintiff Jacqueline White alone is effectively dependent on treating this action as if it were not a putative class action. *See, e.g.*, Docket No. 18, at 9:4-6 (referencing "single plaintiff wage and hour cases"). But it *is* a putative class action. The Court is unaware of binding authority that allows a removing defendant to treat a putative class action as if it were *not* a putative class action simply to argue for an increased amount of attorney' fees under-consideration for purposes of amount-in-controversy calculations as to the claims of the named plaintiff alone. The Court believes Defendant is cognizant of the incongruity of this position considering its argument elsewhere that the Court could appropriately calculate fees as 25% of the amounts that it believes were otherwise at-issue in the case (as noted in the tentative ruling, that 25% calculation would not get Defendant close to the necessary amount given the Court's rejection of certain of the claim-value figures Defendant attempts to rely upon). *See id.* at 9:13-22.

    Second, it is hard to understand Defendant's argument as anything other than a contention that anytime an employment case, or even a case involving the wage-and-hour subset of that litigation-type,

| | : | |
|---|---|---|
| | Initials of Preparer | JG |

**REMAND / JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-3216-GW-PVCx | Date | July 7, 2023 |
|---|---|---|---|
| Title | *Jacqueline White v. Torrance Refining Co. LLC* | | |

is filed in, or removed to, federal court, so long as the parties are of diverse citizenship, diversity jurisdiction will exist because the action will always present a likelihood of more than $75,000 at stake just in terms of attorneys' fees alone. Until the Ninth Circuit or the Supreme Court instruct this Court that this is an appropriate assumption for a court to make, or a rule for a court to apply, this Court will not be the one to adopt that approach.

    To be clear, this Court is well aware that it must consider future attorneys' fees in making amount-in-controversy determinations. But it finds use of a 25% figure (or something close thereto) to be a much more appropriate method than to simply assume upwards of $75,000 in attorneys' fees in every employment-related lawsuit. Concluding that this lawsuit will produce that figure in fees just because another case did so – whether or not that other case involved the same plaintiff's counsel – makes too many assumptions, at too early a stage of a case, about similarities between cases that otherwise may have nothing but counsel in common.

    For the reasons set forth in the Court's prior tentative ruling, as supplemented herein, the Court remands this action to the Superior Court of the State of California for the County of Los Angeles.

    It is so ordered.

| | : | |
|---|---|---|
| Initials of Preparer | JG | |